UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CURTIS DALE RICHARDSON, | ) | Civil Action No.: 4:12-cv-2850-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| GOV. NIKKI HALEY, et al, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the Court are Plaintiff's Motion to Amend his Amended Complaint (Document # 64) and Plaintiff's Motion for Award of Costs and Expenditures (Document # 66).[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

A.  Motion to Amend

In his Motion to Amend, Plaintiff seeks to amend his Amended Complaint "in claim # 1 to raise the additional and incorporation of the merits in exhibit 'Z.'" Motion p. 1. Exhibit Z to his Motion to Amend is a copy of an appellate brief filed in the South Carolina Administrative Law Court. Plaintiff also seeks to amend his Amended Complaint to seek attorney's fees as a prevailing party.

Rule 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." "The law is well-settled 'that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)(citing Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and quoting

---

[1] Also pending is Defendants' Motion for Summary Judgment (Document # 77) which will be addressed by separate Report and Recommendation.

-2-

Johnson v. Oroweat Foods Co., 785 F.2d 503,509-10 (4th Cir.1986)).

Plaintiff does not attach a proposed Amended Complaint to his Motion and the Motion itself is insufficient for this Court to make a determination as to what amendments Plaintiff seeks to make. The cases interpreting Rule 15, Fed.R.Civ.P., require the party seeking to amend to attach a copy of the proposed amendments to the motion, and failure to do so may result in denial of the leave to amend.  See, e.g., McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 315 (5th Cir. 2002) (Court did not abuse discretion in denying amendment when plaintiff failed to furnish proposed amendment); Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006) (absence of supporting information may, in and of itself, be sufficient reason for denial of leave to amend);Roskam Baking Co., v. Lanham Mach. Co., 288 F.3d 895, 906-07 (6th Cir. 2002) (a motion to amend which fails to attach proposed pleading is one which fails to provide the court with information necessary to grant leave).  Furthermore, Plaintiff request to amend his Amended Complaint to seek attorney's fees as a prevailing party is futile because Plaintiff is proceeding pro se and, thus, has incurred no attorney's fees. See e.g., Kay v. Ehrler, 499 U.S. 432, 435, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) (pro se litigant cannot receive attorney's fees in a civil rights action)).

For these reasons, Plaintiff's Motion to Amend is denied.

B.      Motion for Award of Costs and Expenditures

Here, Plaintiff seeks an award of costs and expenditures associated with the filing of this action because he asserts he has established that he is a prevailing party.  Because this action is still pending, no prevailing party has been established and, thus, Plaintiff's Motion is denied as premature.

For the reasons stated above, Plaintiff's Motion to Amend his Amended Complaint (Document # 64) is **DENIED** and Plaintiff's Motion for Award of Costs and Expenditures

-3-

(Document # 66) is **DENIED**.

    **IT IS SO ORDERED**.

                                         s/Thomas E. Rogers, III
                                         Thomas E. Rogers, III
                                         United States Magistrate Judge

March 18, 2014
Florence, South Carolina