IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis Dale Richardson, ) | Civil Action No.: 4:12-cv-02850-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Gov. Nikki Haley; Kela Thomas, ) | |
| Director SCDPPS; Valerie Suber, ) | |
| Parole Examinations Manager; ) | |
| Dayne Haile, Office of General ) | |
| Counsel; SCDC Classification ) | |
| Supervisor, name unknown; SCDC ) | |
| Records Supervisor, name unknown; ) | |
| Ms. York, Classification employee; ) | |
| Ms. Hough, Grievance Coordinator; ) | |
| Ms. Rembert, Classification ) | |
| employee; Warden McKie, Kirkland ) | |
| C.I.; Trooper McCrackin; Sgt. ) | |
| Livingston; Ms. Broach, Dentist; Lt. ) | |
| Baker; Officer Rubino; David ) | |
| Tatarsky, SCDC Attorney; and ) | |
| Tyson Andrew Johnson, individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Curtis Dale Richardson filed this action in October 2012 while he was in the custody of the South Carolina Department of Corrections. In an amended complaint, he alleges several different claims under 42 U.S.C. § 1983 against the above-captioned Defendants.[1] This matter is before the Court after the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Thomas E. Rogers, III on August 27, 2013.[2] R&R, ECF No. 38. In the

---

[1] Because the allegations are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's

R&R, the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's claims, *without prejudice*, against Defendants Gov. Nikki Haley, Officer Rubino, Trooper McCrackin, Lt. Baker, and Tyson Andrew Johnson.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's claims, *without prejudice*, against Defendants Haley, Rubino, McCrackin, Baker, and Johnson. Specifically, the Magistrate Judge reports (1) that Plaintiff states no plausible claim against

---

complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Governor Haley, (2) that Plaintiff's false arrest claims against Defendants Rubino and McCrackin are without merit as a result of Plaintiff's guilty pleas, (3) that Plaintiff's claims against Defendants McCrackin and Baker are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), and (4) that Plaintiff's amended complaint fails to allege *any* wrongdoing by Defendant Johnson.[3] Plaintiff filed timely objections to the Magistrate Judge's R&R. Pl.'s Objs., ECF No. 42. Plaintiff, however, only objects to the Magistrate Judge's recommendation that *Heck* is applicable to his case. He argues that he meets *Heck*'s favorable termination requirement because he was allegedly granted a new trial by a state post-conviction relief ("PCR") court; however, he claims he withdrew his PCR application when he was informed that he could be sentenced to thirty years in prison after a retrial. Pl.'s Objs. 6.

After a review of Plaintiff's amended complaint in light of Plaintiff's objections, the Court finds the Magistrate Judge's recommendation to be proper. Plaintiff makes no allegation in his amended complaint that his constitutional claims relating to his criminal conviction were favorably terminated during his criminal proceedings, on direct review, or during collateral review. *See Heck*, 512 U.S. at 486–87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). The basis given by Plaintiff in his objections for having met the favorable termination requirement is, on its face, insufficient because Plaintiff all but admits that no court granted the habeas relief he sought, including the necessary findings that would give

---

[3] Plaintiff does not object to the Magistrate Judge's recommendation to dismiss Defendant Haley. Accordingly, Plaintiff has waived his right to *de novo* review by this Court.

rise to a cognizable claim for damages under § 1983. Indeed, the Court at this stage may assume, as Plaintiff claims, that Plaintiff voluntarily withdrew is PCR application. *Heck*, therefore, precludes Plaintiff from seeking damages for the alleged constitutional wrongs which he claims led to his convictions.[4] Plaintiff's objections, therefore, are without merit.[5]

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's amended complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Defendants Gov. Nikki Haley, Officer Rubino, Trooper McCrackin, Lt. Baker, and Tyson Andrew Johnson are **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
May 7, 2014

---

[4] As indicated by his notice of change of address, Plaintiff has been released from prison. To the extent Plaintiff is no longer in custody, the Court finds that *Heck* continues to bar his § 1983 claims for damages. *Ballenger v. Owens*, 515 F. App'x 192, 195 n.5 (4th Cir. 2013) (holding that *Heck* is applicable as a bar even after a prisoner's release when there was a sufficient time to pursue post-conviction relief). Plaintiff, of course, indicates in his filings that his PCR claims were considered by a PCR court; however, he claims he withdrew them. Pl.'s Objs. 6.

[5] The Court, moreover, has conducted a review of the remaining portions of the Magistrate Judge's R&R for clear error and finds the recommendations to be proper.